UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24206-CV-MORENO
(CASE NO. 17-20804-CR-MORENO)
MAGISTRATE JUDGE REID

EPIFANIO GUERRERO SANCHEZ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                                 /

## REPORT OF MAGISTRATE JUDGE

This matter is before the Court on Movant's *pro se* Second Amended Motion to Vacate filed pursuant to 28 U.S.C. § 2255 [ECF No. 9],[1] and Memorandum [ECF No. 10], attacking the constitutionality of his conviction and sentence for conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in **Case No. 17-20804-CR-MORENO**. This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

Movant asserts that his § 2255 Second Amended Motion is timely, presumably under § 2255(f)(4), because he claims that "the date on which the facts supporting the claims [in his Amended Motion] should have been discovered by counsel through the exercise of due diligence." [ECF No. 9 at 11]. Movant also claims that he is entitled to relief because the District Court lacked

---

[1] Citations to [ECF] refer to docket entries in this case, Case No. 19-24206-CV-MORENO. Citations to [CR-ECF] refer to docket entries in Movant's underlying criminal case, Case No. 17-20804-CR-MORENO.

jurisdiction. *See* [*Id.* at 7]. However, in response to the Undersigned's Order to Show Cause [ECF No. 11], Respondent argues that Movant's § 2255 Second Amended Motion should be denied because (1) it was not timely filed within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f); and (2) Movant's claims lack merit. [ECF No. 12 at 4-5, 18].

Accordingly, upon review of the entire record in this case, including Movant's § 2255 Second Amended Motion and Memorandum, as well as the Government's Response, and all relevant records from the underlying criminal case, the Undersigned **RECOMMENDS** that the Amended Motion [ECF No. 9] be **DENIED**.

## I. Procedural History

On January 12, 2018, Movant pleaded guilty, at a change of plea hearing, to (Count 1) — conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). [CR-ECF Nos. 30, 48]. On the same day, the parties waived the presentence investigation report and Movant was sentenced to the mandatory minimum sentence of 120 months' imprisonment, followed by ten years' supervised release. [CR-ECF Nos. 31, 36, 48].[2] On January 17, 2018, the Judgment and Commitment Order was entered. [CR-ECF No. 36]. Movant did not file a notice of appeal.

---

[2] The Court dismissed (Count 2)—possession with intent to distribute five of more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1), upon the government's motion. [CR-ECF Nos. 31, 36, 48].

2

On October 11, 2019, Movant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255,[3] [ECF No. 1], and on October 31, 2019, Movant filed his Second Amended Motion pursuant to 28 U.S.C. § 2255 [ECF No. 9] and Memorandum [ECF No. 10].

## II. Factual Background

Movant stipulated to the following facts, as set forth in the plea colloquy. *See* [ECF No. 48 at 39-41]. On October 16, 2017, while on patrol, a United States Coast Guard ("USCG") helicopter detected a go-fast vessel ("GFV"). [*Id*. at 39:15-39:16]. The vessel bore no indicia of nationality, contained a large amount of blue barrels, and what appeared to be packages on board, along with three individuals. [*Id*. at 39:17-39:19]. The vessel was located approximately 105 nautical miles southwest of Costa Rica in international waters and upon the high seas. [*Id*. at 39:19-39:20].

Upon approaching the GFV to investigate, the GFV sped away northbound. [*Id*. at 39:21-39:22]. When USCG officers disabled the GFV and approached, the boarding team observed that the GFV had twelve fifty-five gallon fuel drums and sixteen large bales on its deck. [*Id*. at 40:11-40:13].

The USCG boarding team further observed that the GFV did not display a name, registration flag, homeport, or any indicia of nationality. [*Id*. at 40:14-40:16]. When asked, none of the individuals claimed to be the master or make a claim of nationality for the vessel. [*Id*. at 40:17-40:18]. Thereafter, the vessel was treated as a vessel without nationality subject to the jurisdiction of the United States. [*Id*. at 40:19-40:21]. The USCG then conducted a full law enforcement boarding. [*Id*. at 40:22-40:23].

---

[3] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

On board, the USCG recovered a total of sixteen bales, which later proved positive for the presence of cocaine and had an approximate weight of 800 kilograms. [*Id*. at 40:23-40:25]. The USCG boarding team also recovered several electronic equipment that had been tossed overboard by the members of the crew. [*Id*. at 41:1-41:3].

The three individuals on board the GFV were later identified as Colombian nationals, with one of those individuals being Movant. [*Id*. at 41:4-41:5].

### III. Movant's Claims

In Movant's Second Amended Motion, he brings the following three claims: (1) the U.S. violated the law of nations and the universal declaration of human rights; (2) his due process rights were violated because he was prosecuted for his acts abroad without a nexus to the United States; and (3) the Government was required to prove the essential elements of the charged offense, namely that the government failed to demonstrate that the vessel was subject to jurisdiction of the United States. [ECF No. 9 at 4-5, 7].

In Movant's Memorandum, he also claims that counsel was ineffective by failing to challenge the essential facts and elements, failing to file pre-motions on elements of the offense, failing to move to suppress the alleged illegality of the attack on the vessel, and failing to suppress the illegal search of the vessel. [ECF No. 10 at 2-3]. Finally, he claims that the late filing of this § 2255 Second Amended Motion was due to counsel's failure to file a direct appeal. [ECF No. 9 at 11].

### IV. Discussion

1) <u>Statute of Limitations</u>

The one-year limitation period "shall run from the latest of –

    (1) the date on which the judgment of conviction becomes final;

4

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

   a) *§ 2255(f)(1)*

As noted above, the Court entered Movant's Judgment and conviction on January 17, 2018. Movant did not appeal. Thus, for § 2255(f)(1) purposes, the Judgment became final fourteen days later on **January 31, 2018**. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *see also Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)(I), (6)). However, Movant filed his initial § 2255 Motion on **October 11, 2019**, more than **one year and eight months** after the one-year limitation period expired under 28 U.S.C. § 2255(f)(1). Therefore, Movant's Second Amended Motion is untimely under § 2255(f)(1).

   b) *§ 2255(f)(2)-(3)*

Movant does not argue nor does the record support a finding that he is entitled to statutory tolling under § 2255(f)(2) or (3). Thus, they are not applicable in this case.

   c) *§ 2255(f)(4)*

Under the timeliness section of Movant's Second Amended Motion, he states that "he is a non-[E]nglish speaking defendant, and he was advised by defense counsel that he would file a direct appeal of Movant's sentence, that would result in a lesser sentence, if Movant accepted the

5

government's plea offer." [ECF No. 9 at 11]. Movant further contends that "after signing counsel failed to contact him, or advise him of the following legal steps." [*Id.*]. He alleges that as a result, "[t]he date on which the facts supporting the claims herein contained should have been discovered by counsel through the exercise of due diligence." [*Id.*].

Movant, in essence, asserts that his Second Amended Motion is timely under § 2255(f)(4), which provides that the one-year limitation period "shall run from the latest of – the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* [ECF No. 9 at 11]. Movant bears the burden to adequately allege due diligence under § 2255(f)(4). *See Trucchio v. United States*, 553 F. App'x 862, 864 (11th Cir. 2014) (per curiam); *see also Johnson v. United States*, 544 U.S. 295, 308 (2005). Section 2255(f)(4) "does not require the maximum feasible diligence, but only 'due,' or reasonable, diligence." *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002). "Due diligence therefore . . . require[s] a prisoner. . . to make reasonable efforts [to discover the new facts underlying his claims]." *Id.* Although this inquiry is "individualized," *see id.*, the prisoner's subjective belief regarding the date on which the new evidence became available to him does not control. *See Trucchio*, 553 F. App'x at 864 (per curiam) (citing *Aron*, 291 F.3d at 711).

i) *Counsel's Purported Failure to File Direct Appeal as the Reason for Movant's Late Filing*

Here, Movant does not appear to bring a claim for counsel's failure to file a direct appeal, but instead seems to contend that counsel's failure to file a direct appeal was the reason for the late filing of his initial § 2255 Motion. However, Movant does not establish any connection between counsel's purported failure to file a direct appeal and his alleged inability to timely file his initial § 2255 Motion. "[P]ostponed accrual . . . [only occurs when] 'the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence.'" *Absalon v. United*

6

*States*, No. 6:03CR184ORL19JGG, 2006 WL 2598934, at *2 (M.D. Fla. Sept. 11, 2006) (quoting *Fraser v. United States*, 47 F.Supp.2d 629, 630 (D. Md. 1999)). Movant does not allege that anything, other than counsel's purported failure to file a direct appeal, impeded him from acting independently prior to October 11, 2019, the date he filed his initial § 2255 motion. *See Ramos-Yanoc v. United States*, No. 09-20434-CR, 2012 WL 12964638, at *5 (S.D. Fla. Oct. 4, 2012), *report and recommendation adopted sub nom. Ramos-Yanac v. United States*, No. 12-CV-20437, 2012 WL 12964349 (S.D. Fla. Dec. 13, 2012).

Movant also failed to allege that he has discovered any new facts with respect to his claims. "[A] [Movant's] belated realization of the purported legal significance of the facts does not delay commencement of the limitations period." *Perez v. United States*, No. 13-60267-CIV, 2014 WL 31326, at *6 (S.D. Fla. Jan. 2, 2014). As such, the Court finds that Movant did not exercise due diligence, and therefore, the Court is "required to speculate about the date on which the relevant facts could have been discovered." *Lanier v. United States*, 769 F. App'x 847, 849 (11th Cir. 2019) (citing *Aron*, 291 F.3d at 711 n.1).

Here, the facts supporting Movant's claims could have been discovered, with reasonable diligence, within the one-year time period under § 2255(f)(1). Movant's claims all revolve around alleged defects in the indictment, the lack of the court's subject matter jurisdiction, the Court's adjudicatory authority, and counsel's alleged ineffectiveness in not objecting to purported errors. Movant was present for the entire change of plea hearing, at which the court conducted a thorough plea colloquy, discussed the facts underlying Movant's criminal case, the court's subject matter jurisdiction, and the possession of the drugs found on board the vessel. *See* [CR-ECF No. 48]. Accordingly, Movant must have known about the facts supporting his claims no later than the date of the change of plea hearing. *See Graham v. United States*, No. 3:14-CR-128-J-39JRK, 2019

7

WL 2411219, at *3 (M.D. Fla. June 7, 2019) (finding that the facts supporting movant's claims could have been discovered with reasonable diligence more than one year before movant filed his § 2255 motion because all of movant's claims revolved around miscalculation of guidelines sentencing range, alleged defects in the indictment, and counsel's alleged ineffectiveness in not objecting to purported errors).

The facts supporting the underlying claims of the § 2255 Second Amended motion were facts known to [Movant] and therefore were not "undiscoverable." *See Estupinan v. United States*, No. 808-CV-1222-T-30TBM, 2009 WL 1587161, at *2 (M.D. Fla. June 5, 2009) (finding "petitioner's claims based on issues of jurisdiction . . . were known to petitioner during trial, sentencing and appeal. Since petitioner had knowledge of the facts, petitioner's argument for postponed accrual under § 2255(f)(4) fails."). Accordingly, Movant cannot qualify under § 2255(f)(4) for a renewed AEDPA statute of limitations. *See Abdullah v. United States,* 2012 WL 4475730 at *2 (M.D. Ala. July 20, 2012) (statute of limitations under § 2255(f)(4) not applicable where "all of the facts underlying [movant's] claim were known—or could have been known—at sentencing.").

    ii)    *Counsel's Purported Failure to File a Direct Appeal*

To the extent Movant brings a claim for counsel's alleged failure to file a direct appeal, and purports that this claim is timely under § 2255(f)(4), this claim fails. Here, Movant does not address what steps he took, if any, to determine whether an appeal had been filed. Accordingly, Movant has not shown that he exercised due diligence with respect to this claim. *See Doe v. United States*, 469 F. App'x 798, 800 (11th Cir. 2012) (finding equitable tolling did not apply where petitioner did not demonstrate how he exercised due diligence and did not explain when he learned of counsel's failure to file a direct appeal or why he waited so long to file a § 2255 motion).

Next, "[h]aving determined that [Movant] failed to exercise due diligence, the Court must speculate as to when [Movant] could have discovered, by exercising due diligence, that [a] notice of appeal had not been filed." *Powell v. United States*, No. 16-CR-442-T-27AAS, 2020 WL 3064319, at *3 (M.D. Fla. June 9, 2020). "The [dispositive] issue . . . is not the date upon which the movant actually discovered that no appeal had been filed, but rather the date on which due diligence would have led to such a discovery." *Johnson v. United States*, No. 07-80036-CR, 2015 WL 13700524, at *3 (S.D. Fla. June 1, 2015), *report and recommendation adopted,* No. 07-80036-CR, 2015 WL 13700523 (S.D. Fla. July 2, 2015); *see also United States v. Larry*, No. 4:07-CR-00079-SPM, 2010 WL 5651470, at *3 (N.D. Fla. Dec. 17, 2010), *report and recommendation adopted,* No. 4:07CR79-SPM GRJ, 2011 WL 289618 (N.D. Fla. Jan. 26, 2011) (Concluding that even one telephone call or letter to the Clerk of Court would have resulted in the immediate mailing of a docket sheet to defendant, and therefore, a reasonably diligent prisoner in defendant's position could have known that an appeal was not being prosecuted on his behalf at some point during a 218–day period).

"Several factors are relevant in determining when a prisoner could discover through the exercise of due diligence that trial counsel did not file a requested notice of appeal." *Burks v. United States*, No. 3:10-CR-74-J-34JBT, 2015 WL 224639, at *4 (M.D. Fla. Jan. 15, 2015). "One consideration is whether the fact of an appeal was public information discoverable through public resources." *Id*. (citing *Thomas v. United States,* No. 2:11-CV-080190RDP-JE, 2:09-CR-00277-RDP-JE, 2014 WL 4715861 at *7 (N.D. Ala. Sept. 22, 2014)). "While it is entirely appropriate to allow a [movant] some additional time to account for the conditions of confinement and to allow the [movant] or a third party (such as a family member) to correspond with the clerk of the court, the absence of a notice of appeal at least becomes discoverable through due diligence once the

9

time for filing a notice of appeal has expired." *Id*. Here, Movant could have discovered the absence of a notice of appeal, through due diligence, well within the one-year period to timely file his § 2255 Motion and present his claim.

"A second factor, albeit related to the first, is whether the Court informed the [movant] of the timeframe for filing a notice of appeal." *Id*. (citing *Ryan v. United States,* 657 F.3d 604, 608–09 (7th Cir. 2011)). Here, at the change of plea hearing, the Court stated, "I have to tell you that you have the right to appeal and the Notice of Appeal has to be filed within 14 days." [ECF No. 48 at 55:3-55:5]. Movant replied, "Yes, I understand." [*Id*. at 55:9]. The Court also inquired as to whether any defendants wanted to appeal. [*Id*. at 55:12-55:13]. Movant replied, "No." [*Id*. at 55:18].

Finally, even if counsel allegedly affirmatively misled Movant into believing an appeal would be filed, this would not excuse Movant's twenty-month delay in bringing this claim and filing his initial § 2255 Motion. *See Burks*, 2015 WL 224639, at *4 ("[T]he Eleventh Circuit has opined that if counsel affirmatively misled [movant] into believing that an appeal would be filed, then [movant] is entitled to rely on his attorney's assurances and is not expected to verify that a notice of appeal had been filed at the end of the 14–day period following sentencing.") (citing *Aragon–Llanos v. United States,* 556 F. App'x 826, 828 (11th Cir. 2014)). Here, Movant could have exercised due diligence by attempting to contact counsel or request a copy of the docket. *See Larry*, 2010 WL 5651470, at *3 ("[T]he absence of any response from counsel ... would have put a reasonable prisoner on notice that some other steps should be taken to determine the status of the appeal."); *see also Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005). However, Movant does not assert what steps, if any, he took to determine whether a notice of appeal had

been filed. Thus, for the reasons discussed above, Movant cannot qualify under § 2255(f)(4) for a renewed statute of limitations.

2) Subject Matter Jurisdiction

Here, "Movant challenges the authority of the [D]istrict [C]ourt over the case and controversy under the MDLEA . . . ." [ECF No. 10 at 14]. Specifically, he claims that "[t]he government failed to demonstrate that the [GFV] was subject to the jurisdiction of the [United States] . . . ." [ECF No. 9 at 7]. He further claims that, "[i]n this case[,] the district court did not expressly make any factual findings with respect to its' jurisdiction." [ECF No. 10 at 5].

Movant also refutes the government's claim that his plea of "guilty to conspiracy to possess with intent to distribute cocaine 'with individuals who were on board a vessel that was subject to the jurisdiction of the U.S.[,]' . . . constitutes an admission of jurisdiction." [*Id*.]. Movant, references *W. Peninsular Title Co. v. Palm Beach City*, 41 F.3d 1490, 1492 n. 4 (11th Cir. 1995) and *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013), and claims that the Government's argument fails because the Eleventh Circuit has repeatedly held, '[p]arties may not stipulate jurisdiction.'" [*Id*. at 5-6].

*a) Procedural Default*

Even if Movant's claim were not time-barred, his claim would be procedurally barred. Movant's jurisdictional argument raises an *as applied* challenge to the MDLEA. "Under the MDLEA, the requirement that a vessel be 'subject to the jurisdiction of the United States' defines the United States' extraterritorial jurisdiction, not the federal courts' subject matter jurisdiction under 18 U.S.C. § 3231." *Izaguirre Cabrera v. United States*, No. 8:09-CR-147-T-17EAJ, 2012 WL 13187473, at *3 (M.D. Fla. May 2, 2012).

11

As the Eleventh Circuit held in *United States v. Aguilar*, 196 F. App'x 837, 839 (11th Cir. 2006), in this regard, an argument that a vessel is "not subject to the jurisdiction of the United States is not a challenge to the subject matter jurisdiction of the district court." Movant instead challenges the finding of the District Court that the Coast Guard complied with the MDLEA to establish that the GFV was a vessel subject to the jurisdiction of the United States. *See Aguilar*, 196 F. App'x at 839. Accordingly, by pleading guilty unconditionally in this case, Movant waived any claim that the GFV did not meet the extraterritorial jurisdictional requirement imposed under the MDLEA. *See id; see also United States v. Patti*, 337 F.3d 1317, 1320 n. 4 (11th Cir. 2003) (It is well settled that a "voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings.").

   b) *Merits Analysis*

Even if Movant's subject matter jurisdiction claim was not time-barred and procedurally barred, his claim is subject to dismissal on the merits.

Congress enacted the MDLEA to prohibit any person from "knowingly or intentionally . . . possess[ing] with intent to manufacture or distribute, a controlled substance on board . . . a vessel subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a)(1). Under the MDLEA, § 70502(c)(1) provides in pertinent part: "the term 'vessel subject to the jurisdiction of the United States' includes ... (A) a vessel without nationality ...." 46 U.S.C. § 70502(c)(1)(A). Relevant to this case, the term "vessel without nationality' includes---(B) a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel . . . ." 46 U.S.C. § 70502 (d)(1)(B).

12

The Eleventh Circuit has "interpreted the 'on board a vessel subject to the jurisdiction of the United States' provision of the MDLEA as a congressionally imposed limit on a court's subject matter jurisdiction." *United States v. Mejia*, 734 F. App'x 731, 733 (11th Cir.), *cert. denied,* 139 S. Ct. 593, (2018) (citing *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008)). 'The government bears the burden of establishing MDLEA jurisdiction." *Id*. (citation omitted).

'Notably, jurisdictional issues arising under the MDLEA are not elements of the offense, but instead are 'preliminary questions of law to be determined solely by the trial judge.'" *Id*. (quoting 46 U.S.C. § 70504(a)). "Therefore, 'for a district court to have adjudicatory authority over a charge that a defendant violated [§ 70506(b)], the [g]overnment must preliminarily show that the conspiracy's vessel was, when apprehended, subject to the jurisdiction of the United States." *Id*. (quoting *De La Garza*, 516 F.3d at 1272) (quotations omitted) (emphasis in original).

"In order to establish MDLEA jurisdiction, an officer of the United States must make a direct request for both the master and the individual in charge of the vessel to make a claim of nationality before the vessel can be deemed stateless." *United States v. Medina*, 793 F. App'x 850, 852 (11th Cir. 2019) (citations omitted). Here, Movant stipulated to the facts at his plea colloquy establishing that his "go-fast" vessel was one without nationality, and therefore, subject to the jurisdiction of the United States. [CR-ECF No. 48 at 39-41].

Specifically, at the change of plea hearing, the Government stated that the "United States would be able to prove beyond a reasonable doubt, [in relevant part,] that:

> The Coast Guard Cutter SPENCER then launched its Over The Horizon, which is a smaller vessel, with a boarding team to conduct the boarding of the go-fast vessel. As the boarding team approached, the boarding team observed the go-fast vessel had 12 55-gallon fuel drums and 16 large bales on its deck. The Coast guard boarding team further observed that the go-fast did not display a name, registration, flag, homeport or any indicia of nationality. When asked, none of the individuals

13

>claimed to be the master or make a claim of nationality for the vessel. Thereafter, the vessel was treated as a vessel without nationality and subject to the jurisdiction of the United States.

[CR-ECF No. 48 at 40:8-40:21].

Based on Movant's plea colloquy, "[s]ince the entire crew was present, any individual who possessed the authority to make a claim of registry or nationality for the vessel was given the opportunity to do so at the request of a duly authorized officer." *Medina*, 793 F. App'x at 852. However, none did so, and consequently, MDLEA jurisdiction was established. *Id.*; *see also United States v. De La Cruz*, 443 F.3d 830, 832 (11th Cir. 2006) (concluding that "vessel was one without nationality subject to the United States jurisdiction" where vessel in question flew no flag, carried no registration paperwork, bore no marking indicating its nationality, and when questioned, the crew made no claims about the boat's nationality or registry).

To the extent Movant also claims that the Court lacked jurisdiction to hear his case because the government failed to demonstrate a sufficient nexus between his criminal conduct and the United States, his claim must fail as a matter of law. "Under well-established Eleventh Circuit precedent, there is no additional requirement under the MDLEA that the government establish a nexus between a defendant's criminal conduct and the United States." *Izaguirre Cabrera v. United States*, No. 8:09-CR-147-T-17EAJ, 2012 WL 13187473, at *5 (M.D. Fla. May 2, 2012) (citations omitted).

Finally, Movant's Indictment, [CR-ECF No. 8], "charged Movant with a violation of a law of the United States, [and therefore,] 'the district court [had] jurisdiction over the case . . . .'" *Aguilar*, 196 F. App'x at 839 (quoting *McCoy v. United States,* 266 F.3d 1245, 1252 n. 11 (11th Cir. 2001)). All an indictment must to do invoke federal subject matter jurisdiction is to "charge[]

14

the defendant with violating a valid federal statute." *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (citing *Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000)).

In summary, Movant's claim that the District Court lacked subject matter jurisdiction, is without merit.

3) Equitable Tolling

Section 2255 is subject to equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). However, equitable tolling is only proper if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted); *see also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[T]he allegations supporting equitable tolling must be specific and not conclusory." (citation omitted)).

For the same reasons that Movant's claims fail under § 2255(f)(4), Movant is not entitled to equitable tolling. Movant solely appears to claim that his late filing was due to counsel's failure to file a direct appeal, however, Movant does not provided any examples that he has been pursuing his rights diligently, and counsel's failure to file an appeal does not constitute an extraordinary circumstance sufficient to constitute equitable tolling. *See Lucas v. United States,* 522 F. App'x 556, 559-560 (11th Cir. 2013).

Moreover, Movant's assertion that "he is a non-[E]nglish speaking defendant . . . ." [ECF No. 9 at 11], does not entitle him to equitable tolling. *See Joubert v. McNeil*, No. 08-23374-CIV, 2010 WL 451102, at *4 (S.D. Fla. Feb. 8, 2010) (citing *U.S. v. Montano,* 398 F.3d 1276, 1280, n.

15

5 (11 Cir. 2005)). "[S]uch a claim has been expressly rejected by the Eleventh Circuit Court of Appeals as well as other courts." *Id.* "[Movant's] inability to communicate in English and his lack of legal knowledge are not considered extraordinary circumstances in the context of equitable tolling." *Estupinan*, 2009 WL 1587161, at *2. In conjunction, lack of education and "procedural ignorance [does not serve] as an excuse for prolonged inattention . . . ." *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (quoting *Johnson v. United States*, 340 F. 3d 1219 (11th Cir. 2003)) (per curiam). "Ignorance of the law usually is not a factor that can warrant equitable tolling." *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (per curiam).

Movant has not met his burden to establish equitable tolling and the Court recommends that Movant's Motion be denied.

## V. Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. As discussed above, "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). On this record, there is no basis to infer that movant would be able to develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar. Further, the preceding discussion conclusively shows that movant's claims as to jurisdiction are "patently frivolous" and/or "affirmatively contradicted by the record." *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

## VI. Certificate of Appealability

A movant seeking to appeal a district court's final order denying his motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if the movant makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. §2253 (c)(2). To merit a COA, a movant must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a COA. If Movant disagrees, he should present his argument to the attention of the District Judge in objections.

### VII. Recommendations

Based on the foregoing, it is **RECOMMENDED**:

1. That Movant's § 2255 Amended Motion [ECF No. 9] be **DENIED**;

2. That no certificate of appealability issue;

3. That judgment be entered for Respondent;

4. and the case **CLOSED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 15th day of December, 2020.

_____
**LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc: **Epifanio Geurrero Sanchez**
15098-104
Oakdale FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 5000
Oakdale, LA 71463
PRO SE

United States of America
Represented by Noticing 2255 U.S. Attorney
**Yvonne Rodriguez-Schack**
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Yvonne.Rodriguez-Schack@usdoj.gov